UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,

                                 Petitioner,                     **ORDER**
             -against-                                          MC 16-2100 (ADS)(AYS)

SERVICEMASTER CLEANING AND
RESTORATION BY AMS; and FRANK
CATALANO, in his individual and official
Capacity with this entity,

                                Respondents.
-------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

      This is a subpoena enforcement action. Petitioner, Thomas E. Perez ("Perez" or "Secretary"), the Secretary of Labor, United States Department of Labor, seeks an order requiring Respondent, ServiceMaster Cleaning and Restoration by AMS ("ServiceMaster") and Frank Catalano ("Catalano" collectively "Respondents"), to comply with an administrative subpoena duces tecum ad testificandum (the "Subpoena') served personally on Catalano. See Docket Entry ("DE") 1. The Secretary further seeks an order tolling the statute of limitations from April 4, 2016, the original return date of the Subpoena, until the Secretary informs this Court that the Respondents have fully complied with the Subpoena. Petitioner's Memorandum of Law at 11, DE 1-2. On August 16, 2016, Petitioner filed the instant motion, seeking to compel Respondents to produce documents pursuant to the Subpoena. DE 1. On August 31, 2016, Petitioner hand delivered two copies of the motion to compel to Frank Catalano. DE 2. As of the date of this Order, Respondents have neither filed any opposition, nor appeared on the docket in any way.

BACKGROUND

I. Procedural History

Petitioner commenced this action on August 16, 2016. DE 1. On October 21, 2016, the Honorable Arthur D. Spatt referred the present motion to this Court for final decision. DE 4.

II. Background Facts

ServiceMaster is a firm that provides cleaning and disaster restoration services. Affidavit of Abby A. Peña ("Peña Aff.") ¶ 4, DE 1-3. Frank Catalano has represented himself as an owner of ServiceMaster. Peña Aff. ¶ 5, n.1. On July 20, 2015, the U.S. Department of Labor ("DOL"), Wage and Hour Division ("WHD"), assigned Investigator Zorayda Vazquez ("Vazquez") to investigate ServiceMaster. Id. ¶ 4. On August 12, 2015, Investigator Vazquez hand delivered a letter to Respondents advising them of an ongoing investigation, and requesting access to records such as employee names, work hours, and pay, as well as corporate information such as the identity of the corporate employer, its officers and revenue. Id. ¶ 5, Ex. 1. On that same date, the WHD conferred with Respondents. Following that conference Respondents agreed to produce the requested documents by August 18, 2015. Id. ¶ 7. Vazquez contacted Respondents when the documents were not timely produced, at which time the Respondents told Vazquez the documents would be made available by October 19, 2015. Id. ¶ 8. Vazquez additionally sent Service Master's then attorney, Keith Gutstein, a formal "72 hour notice" pursuant to 29 C.F.R. Section 516.7, which requested the production of documents. Id. ¶ 9.

On December 1, 2015, Vazquez learned that Douglas Durin had replaced Keith Gutstein as counsel for ServiceMaster. Id. ¶ 11. After Respondents' change in legal representation, some documents were produced to WHD in December of 2015, but the production was insufficient and only a small subset of the requested documents was produced. Id. ¶ 14. Since that time,

despite numerous attempts, the WHD has been unable to procure any additional records. Id. ¶¶ 15-28.

On March 21, 2016, Assistant District Director Francisco Marchan and Wage and Hour Investigator Stanley Chan served the Subpoena on ServiceMaster, located at 253 Half Hallow Road, Deer Park NY 11729, where it was accepted by Frank Catalano. Id. ¶ 22, Ex. 3. The Subpoena demanded document production by April 4, 2016. Id. ¶ 22. As of the date the motion was filed, the Respondents had yet to comply with the subpoena. Id. ¶ 28.

## DISCUSSION

I. Legal Standards

The Fair Labor Standards Act ("FLSA") grants broad authority to the Department of Labor to access and subpoena employer records in the course of an investigation. See 29 U.S.C. § 209; see also Donovan v. Lone Steer, Inc., 464 U.S. 408, 409-410 (1984) ("§ 9 of the FLSA, 29 U.S.C. § 209, empowers the Secretary of Labor to subpoena witnesses and documentary evidence relating to any matter under investigation"); Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 199-200 (1946) ("The subpoena power conferred by § 9 [of the FLSA] (through adoption of § 9 of the Federal Trade Commission Act) is given in aid of this investigation and, in case of disobedience, the District Courts are called upon to enforce the subpoena through their contempt powers.").

An agency seeking to enforce an administrative subpoena "must show only [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within [the agency's] possession, and [4] that the administrative steps required ... have been followed." E.E.O.C. v. United Parcel Serv., Inc., 587 F.3d 136, 139 (2d Cir. 2009) (quoting N.L.R.B. v. Am. Med.

Response, Inc., 438 F.3d 188, 192 (2d Cir. 2006)); see also United States v. Fischer, 993 F. Supp. 2d 238, 243 (E.D.N.Y. 2013); Harris v. Subcontracting Concepts, LLC, 2013 WL 12080918, at *3 (N.D.N.Y. 2013), aff'd sub nom. Perez v. Subcontracting Concepts, LLC, 565 F. App'x 25 (2d Cir. 2014). "A subpoena that satisfies these criteria will be enforced unless the party opposing enforcement demonstrates that the subpoena is unreasonable, or issued in bad faith or for other improper purposes, or that compliance would be unnecessarily burdensome." Fischer, 993 F. Supp. 2d 238 (citations and internal quotation marks omitted).

II.  Analysis

The Court notes that as Respondents have not opposed the Petitioner's motion, all four factors necessary for the DOL to enforce its subpoena are deemed conceded for purposes of this motion. Fischer, 993 F. Supp. 2d at 244. Furthermore, as stated below, after reviewing the Petitioner's submission, the Court is satisfied that all four factors have been established.

First, the FLSA grants the Secretary of Labor broad investigatory powers to determine compliance with its provisions. Indeed, the Secretary is given the authority to investigate and gather data related to "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(a); Donovan, 464 U.S. at 408-09. As the DOL subpoena was issued as part of an investigation, there can be no question that the issuance of a subpoena to carry out its duty was proper. Fischer, 993 F. Supp. 2d at 244. Second, as to relevancy, the Court is constrained to "defer to the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong." In re McVane, 44 F.3d 1127, 1135 (2d Cir. 1995) (internal citations and quotation marks omitted). The documents sought by the subpoena consist of payroll and time records, records reflecting the legal name of the company, and documents containing corporate information relating to ServiceMaster's ownership, officers and revenue. Peña Aff. ¶ 5, Ex. 1.

The information regarding the business's identity, officers, and revenue is necessary to determine whether the employer is related to other establishments that should be part of the investigation. Peña Aff. ¶ 6. Thus, the information is relevant to the DOL's investigation regarding a possible violation of the FLSA. With regard to the last two factors, with the exception of incomplete payroll records, there is no evidence that the documents sought are already in the DOL's possession, Peña Aff. ¶ 28, and as the Respondents have been served properly with a subpoena, the necessary administrative steps have been taken. Peña Aff. ¶ 22, Ex. 3. See Fischer, 993 F. Supp. 2d at 244.

Based on the foregoing, the Petitioner has established that all four factors necessary to enforce the DOL subpoena have been met. Moreover, this Court has no reason to believe that "the subpoena is unreasonable, issued in bad faith or for some other improper purpose, or that compliance with it would be unreasonably burdensome." Fischer, 993 F. Supp. 2d at 244 (citing Am. Med. Response, 438 F.3d at 1920). Thus, the Court finds that the subpoena is proper, and grants Petitioner's motion to compel.

The Court further grants Petitioner's request for an order tolling the statute of limitations. The Subpoena demanded Respondents produce documents no later than April 4, 2016. The WHD further attempted to obtain compliance without the Court's intervention by sending a letter to the Respondents on June 9, 2016. Petitioner's Memorandum of Law at 4, DE 1-2. The Respondents failed to communicate with the WHD, and on August 15, 2016, the Petitioner filed the instant motion. By failing to comply with the Subpoena, Respondents have frustrated the Secretary's ability to investigate. Donovan v. Dist. 1199, N.Y. Health & Hosp. Care Employees, Retail, Wholesale, Dep't Store Union, 760 F.2d 440, 441-42 (2d Cir. 1985). As Petitioner continually sought compliance with its subpoena until June 9, 2016, this Court does not find that

the DOL's delay prior to filing the instant motion was unreasonable. Thus, the Court finds it appropriate to toll the applicable statute of limitations. Id.; see also Wall v. Constr. & Gen. Laborers' Union, Local, 230, 224 F.3d 168, 176 (2d Cir. 2000).

Although the circumstances warrant a tolling of the statute of limitations, the Court is not convinced that the statute of limitations should be extended until the Secretary informs this Court that the Respondents have fully complied with the Subpoena. Indeed, granting such a request could lead to an indefinite tolling. See Harris, 2013 WL 12080918, at *8. Accordingly, the applicable statute of limitations is tolled from April 4, 2016 (the original return date of the Subpoena) until April 4, 2017. In the event that Respondents have not complied with the Subpoena by April 4, 2017, the Secretary may seek leave to file a motion for noncompliance.

## CONCLUSION

For the reasons set forth above, Petitioner's motion to compel Respondents to produce documents pursuant to its administrative subpoena set forth in Docket Entry No. 1 is granted. Respondents are hereby ordered to produce all documents pursuant to the subpoena issued by the DOL, which is the subject of this motion, by March 1, 2017. Additionally, the applicable statute of limitations is tolled from April 4, 2016 until April 4, 2017. In the event that Respondents have not complied with the Subpoena by April 4, 2017, the Secretary may seek leave to file a motion for noncompliance.

SO ORDERED

Dated: Central Islip, New York
November 18, 2016

      /s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge